**LI RONG ZHUO, Petitioner,**

v.

**Eric H. HOLDER Jr., United States Attorney General,[1] Respondent.**

**No. 08–4132–ag.**

United States Court of Appeals, Second Circuit.

Sept. 17, 2009.

mer Attorney General Michael B. Mukasey as respondent in this case.

608

Richard Tarzia, Belle Mead, NJ, for Petitioner.

Tony West, Assistant Attorney General; Barry J. Pettinato, Assistant Director, Kristin A. Moresi, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: JON O. NEWMAN, JOSÉ A. CABRANES, and PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Li Rong Zhuo, a native and citizen of the People's Republic of China, seeks review of a July 31, 2008 order of the BIA, which: (1) affirmed the April 18, 2007 decision of Immigration Judge ("IJ") Javier Balasquide denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"); and (2) denied her motion to remand. *In re Li Rong Zhuo,* No. A094 048 517 (B.I.A. July 31, 2008), *aff'g* No. A094 048 517 (Immig. Ct. N.Y. City Apr. 18, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

### I. Asylum and Withholding of Removal

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 165–66 (2d Cir.2008). We "defer[s] to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin,* 534 F.3d at 165–66. For asylum applications governed by the REAL ID

Act, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of her account, and inconsistencies in her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii).

▋ Substantial evidence supports the agency's adverse credibility determination. In finding Zhuo not credible, the agency reasonably relied in part on inconsistencies in her testimony. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Indeed, although Zhuo testified that her mother-in-law had paid a fine for her release from detention, the receipt for such payment indicated that Zhuo and her husband had paid the fine. Before the IJ, Zhuo could not provide an explanation for this inconsistency. Moreover, a reasonable fact-finder would not be compelled to credit her explanation before the BIA, that there was no basis for the IJ's finding. Contrary to Zhuo's argument, the fine receipt did not indicate that Zhuo and her husband were simply beneficiaries of the fine payment, but specifically provided that they were the individuals who had paid the fine. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005).

The IJ also reasonably relied on discrepancies in Zhuo's testimony regarding her daughter's death certificate. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Zhuo initially testified that she could not produce her daughter's death certificate because it had been submitted as evidence in her husband's removal proceedings. However, after being questioned as to why she had not shown family planning officials the death certificate when they purportedly sought to sterilize her for having two children, she changed her testimony to state that no death certificate existed. Because Zhuo

does not challenge this particular finding, we will not disturb it. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146–47 (2d Cir. 2008).

In finding Zhuo not credible, the agency also reasonably relied in part on Zhuo's demeanor. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Majidi*, 430 F.3d at 81 n. 1. Indeed, as the IJ found, Zhuo's responses to certain questions were vague and evasive. Finally, the agency reasonably relied on Zhuo's failure to submit sufficient evidence corroborating either her claim that her daughter had been ill and died or her assertion that family planning officials had not sterilized her because she was anemic. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (recognizing that an applicant's failure to corroborate his or her testimony may bear on credibility because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question); *see also Maladho Djehe Diallo v. Gonzales*, 445 F.3d 624, 633–34 (2d Cir.2006).

Ultimately, because a reasonable fact-finder would not be compelled to conclude to the contrary, the agency's adverse credibility determination was supported by substantial evidence. *See Xiu Xia Lin*, 534 F.3d at 166–67. Thus, the agency's denial of Zhuo's applications for asylum and withholding of removal was proper.[2] *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006). Accordingly, we decline to consider the agency's alternative bases for denying Zhuo's applications for asylum and withholding of removal. *See* 8 C.F.R. § 1208.13(b); 8 C.F.R. § 1208.16(b).

## II. Motion to Remand

▋ We review the BIA's denial of a motion to remand for abuse of discretion.

---

2. The agency denied Zhuo's application for CAT relief based solely on her failure to satisfy her burden of proof, but Zhuo has abandoned before this Court any challenge to the agency's denial of that application.

*Li Yong Cao v. U.S. Dep't of Justice,* 421 F.3d 149, 157 (2d Cir.2005). A motion to remand that relies on newly available evidence is held to the substantive requirements of a motion to reopen. *Id.* at 156. The movant's failure to submit previously unavailable material evidence or to establish a *prima facie* case for the underlying substantive relief sought are proper grounds on which the BIA may deny such a motion. *See INS v. Abudu,* 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).

In this case, the BIA reasonably found that the majority of Zhuo's evidence was available prior to the IJ's April 2007 decision. Zhuo proffers no support for her conclusory assertion that such evidence, most of which was available online, was not available to her. Indeed, the record reveals that she submitted most of that evidence before the IJ. *See* 8 U.S.C. § 1229a.

Likewise, contrary to Zhuo's argument, the record does not compel the conclusion that the BIA failed to consider evidence that post-dated her merits hearing. We have rejected the notion that the agency must "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner," *Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir.2008) (internal quotation marks omitted), and we presume that the agency "has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise," *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 337 n. 17 (2d Cir.2006). Moreover, the BIA did not

err in finding that Zhuo failed to demonstrate her *prima facie* eligibility for relief based on a well-founded fear of forced sterilization because she did not submit any previously unavailable evidence demonstrating that similarly situated individuals are subjected to forced sterilizations. *See Jian Hui Shao,* 546 F.3d at 159–62, 169–70. Accordingly, the BIA did not abuse its discretion in denying Zhuo's motion to remand. *See Abudu,* 485 U.S. at 104–05, 108 S.Ct. 904.[3]

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

---

3. We need not consider Zhuo's argument that the BIA erred by failing to consider the timeliness of her motion to remand because her motion, which was filed during the pendency of her appeal, was timely. *Cf.* 8 C.F.R. § 1003.2(c)(2) (requiring an alien seeking to

reopen proceedings to file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered).

